**UNITED STATES of America EX REL. Harry BARKO, Plaintiff,**

v.

**HALLIBURTON COMPANY, et al., Defendants.**

CASE NO. 1:05–CV–01276

United States District Court, District of Columbia.

February 21, 2014

Anthony C. Munter, Price Benowitz, LLP, David K. Colapinto, Michael David

Kohn, Stephen M. Kohn, Kohn, Kohn & Colapinto, LLP, Washington, DC, for Plaintiff.

Craig D. Margolis, Tirzah S. Lollar, Vinson & Elkins, LLP, John Martin Faust, Law Offices of John M. Faust, PLLC, Alden Lewis Atkins, Vinson & Elkins, LLP, John Randall Warden, U.S. Department of Justice, Washington, DC, Daniel H. Bromberg, Quinn Emanuel Urquhart Oliver & Hedges, LLP, Redwood Shores, CA, Christine H. Chung, Quinn Emanuel Urquhart & Sullivan LLP, San Francisco, CA, Christopher Tayback, Scott L. Watson, Quinn Emanuel Urquhart & Sullivan LLP, Los Angeles, CA, for Defendants.

## OPINION & ORDER (AMENDED)

[Resolving Doc. No. 138]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this *qui tam* action, Defendants Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., Kellogg, Brown & Root Engineering Corporation, Kellogg, Brown & Root International, Inc., and Halliburton Company (collectively, "KBR") move this Court to file Exhibit 3 to their Opposition to Relator's Motion to Compel under seal.

█ While the Court has discretion to seal filings where appropriate, "the general presumption [is] that court documents are to be available to the public." [1]

█ The Court's earlier order allowed the parties to designate as "confidential"

documents they deem confidential. After reviewing Exhibit 3 and weighing the factors, the Court finds the Defendants' interest does not outweigh the strong presumption in favor of public access to judicial proceedings.[2] The Court notes Defendants admit that they do not consider the information to be confidential.

Thus, the Court thus **DENIES** the Defendants' motion to file Exhibit 3 to their Opposition to Relator's Motion to Compel under seal.

IT IS SO ORDERED.

---

1. *In re Pepco Employment Litig.*, No. 86–0603, 1992 WL 115611, at *5–7 (D.D.C. May, 8 1992).

2. "These factors include: (1) the need for public access to the documents at issue; (2) the extent to which the public had access to the documents prior to the sealing order; (3) the fact that a party has objected to disclosure and the identity of that party; (4) the strength of the property and privacy interests involved; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced." *See Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277–78 (D.C.Cir.1991).